IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CORTEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONATI'S OF LAKE FOREST, INC. | ) |
| d/b/a DONATI'S PIZA and | ) |
| JEFFREY URSO, individually, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Jose Cortez, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Donati's of Lake Forest, Inc., and Jeffrey Urso, individually, (herein "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff overtime wages and for failure to pay for all time worked. (A copy of Plaintiff's consent form to act as representative Plaintiff in this collective action under the FLSA are attached hereto as Exhibit A.)

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to

1

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Jose Cortez resides and is domiciled in this judicial district.

5. Plaintiff Jose Cortez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Jose Cortez handled goods that moved in interstate commerce and performed non-exempt work.

6. Defendant Donati's of Lake Forest, Inc. is an Illinois corporation doing business within this judicial district. Defendant Donati's of Lake Forest, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Donati's of Lake Forest, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

8. Defendant Jeffrey Urso is the President of Donati's of Lake Forest, Inc.

9. Defendant Jeffrey Urso is involved in the day-to-day business operations of Donati's of Lake Forest, Inc. Among other things, Defendant Jeffrey Urso has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

10. Defendant Jeffrey Urso was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Upon information and belief, Defendant Jeffrey Urso resides in and is domiciled within this judicial district.

## FACTUAL ALLEGATIONS

12. Defendants operated two restaurants under the name "Donati's Pizza" while Plaintiff was employed by Defendants from September 2012 through September 10, 2014.

13. The restaurants operate as a unified operation and common enterprise with a common business purpose.

14. The restaurants share supplies, including but not limited to, flour, dough and other ingredients.

15. Plaintiff was employed as a cook for the Defendants.

16. Plaintiff was tasked with preparing pizza for the Lake Forest location and with preparing the pizza dough for both restaurants while he was employed by Defendants.

17. Throughout his employment with the Defendants, Defendants routinely and as a matter of practice and policy required Plaintiff to work more than 40 hours per week, but then failed and refused to pay him the overtime premium rate of one and one half times his regular rate for all hours worked in excess of 40.

18. In an effort to conceal the lack of overtime pay, the Defendants paid Plaintiff and similarly situated employees a portion of their wages in cash and would list their rate of pay at less than their actual hourly rate to make it appear overtime wages were being paid. Defendants would often hand write the amount paid in cash.

   a. For example, the pay period ending on July 28, 2013, the check stub issued to Plaintiff lists his hourly rate at $8.67 and has "$346" handwritten. Attached hereto as Exhibit B is the check stub issued to Plaintiff for the pay period ending on July 28, 2013. During this time, Plaintiff was paid $13.00 per hour and not $8.67.

   b. Adding the amounts listed on the check stub for regular hours, overtime

hours, and the handwritten amount equals $1,442.76. Then taking that total and dividing it by $13.00, Plaintiffs hourly rate, shows that Plaintiff worked approximately 111 hours as listed on the paystub, but those hours were all paid at Plaintiff's regular rate.

19. Another strategy used by Defendants to hide the failure to pay overtime wages was to list the total amount being paid to the Plaintiff as his rate of pay and show that he only worked 1 hour. Attached hereto as Exhibit C is the check stub for the pay period ending on May 4, 2014. The pay stub lists Plaintiff's hourly rate at $1,690.00 and that Plaintiff worked 1 hour during this pay period.

20. Defendants also failed to pay Plaintiff for all hours worked. Plaintiff worked at the Vernon Hills location, but was not paid for that time.

21. In addition, Plaintiff was not paid for all hours he worked during certain work weeks.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
**(Plaintiff on behalf of himself and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

22. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

23. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

24. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. During the course of his employment by Defendants, Plaintiff was not exempt

from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

27. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

28. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

29. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

30. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants failed to pay them overtime wages for work performed in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's wage rate and the wage rate of similarly situated individuals who worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

32. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

33. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff bring this action pursuant to 820 ILCS 105/12(a).

34. At all relevant times herein, Defendant was Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

35. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

36. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

37. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

38. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff' regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiff on behalf of himself and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

40. This Count arises from Defendants violation of the FLSA for his failure to pay Plaintiff the federally mandated minimum wages for all time worked.

41. During the course of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked as mandated by the FLSA.

42. Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

43. Defendants' failure to pay Plaintiff for all hours worked violated the minimum wage hour provisions of the FLSA.

44. Defendants willfully violated the FLSA by refusing to pay Plaintiff minimum wages for all hours he worked.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid wages for all hours that Plaintiff and similarly situated individuals worked;

B. Liquidated damages in an amount equal to the amount of unpaid wages for

which Plaintiff and similarly situated individuals is found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law

Plaintiff hereby realleges and incorporates paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

45. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff his wages for all time he worked.

46. During the course of his employment with Defendants, Plaintiff was not compensated for all hours worked.

47. Plaintiff was entitled to be paid for all time worked.

48. Defendants' failure to pay all wages due in certain work weeks violated the minimum wage hour provisions of the IMWL.

49. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action; and

D. Such other and further relief as this Court deems appropriate and just.

                                          Respectfully submitted,

Dated:  May 28, 2015                  **JOSE CORTEZ**

                                        By:  /s/Carlos G. Becerra
                                              Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC #6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60605
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com
Email: pgonzalez@law-rb.com